# In The United States Court of Federal Claims

No. 09-865C

(Filed:  April 15, 2011)

_____

LAKESHORE ENGINEERING SERVICES,
INC.,

                    Plaintiff,

              v.

THE UNITED STATES,

                    Defendant.

_____

**ORDER**

_____

On March 17, 2011, plaintiff filed a motion to amend its complaint under RCFC 15 to add a claim for breach of implied warranty and more accurately reflect the damages sought.

On April 8, 2011, defendant opposed the motion, contending that this court lacks jurisdiction over the breach of implied warranty claim and amended damages figure because they were not before the contracting officer.  Defendant's objections are not well taken.  Defendant inexplicably cites only cases preceding *Scott Timber Co. v. United States*, 333 F.3d 1358 (Fed. Cir. 2003), in which the Federal Circuit held that this court has jurisdiction over CDA claims that "arise from the same operative facts, claim essentially the same relief, and merely assert different legal theories for that recovery," *id.* at 1365.  Plaintiff's breach of implied warranty claim and amended damages figure arise from the same operative facts as its breach of contract claim.  Defendant also contends that it is unable to conduct necessary fact discovery on plaintiff's breach of implied warranty claim and revised damages before the April 18, 2011, close of fact discovery.  That situation, however, can be remedied.  Accordingly:

       1.       Plaintiff's motion to amend its complaint is hereby **GRANTED;**

       2.       On or before July 18, 2011, fact discovery shall be completed;

       3.       On or before August 5, 2011, the parties shall exchange expert reports;

4. On or before October 11, 2011, expert discovery shall be completed; and

5. On or before October 28, 2011, the parties shall file a joint status report indicating how this case should proceed with, if appropriate, a proposed schedule for the filing of dispositive motions, or alternatively, for proceeding to trial.

**No further enlargements of these deadlines will be granted.**

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge